**Gene W. HACKETT**

v.

**UNITED STATES of America.**

No. CA 3–76–1283–C.

United States District Court,
N. D. Texas,
Dallas Division.

Nov. 17, 1978.

Samuel W. Hudson, III, Dallas, Tex., for plaintiff.

Kenneth J. Mighell, U. S. Atty., Judith Shepherd, Asst. U. S. Atty., Dallas, Tex., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WILLIAM M. TAYLOR, Jr., District Judge.

This cause came on for hearing before the Court, sitting without a jury, on October 18, 1978. The Court makes the following findings of fact and conclusions of law, in accordance with the provisions of Rule 52, Federal Rules of Civil Procedure.

## FINDINGS OF FACT

1. Plaintiff resides in the Dallas Division of the Northern District of Texas.

2. On and prior to March 1, 1975, plaintiff was an inmate of the Dallas County jail, Dallas, Texas, confined to a tank in the old building of the jail. On or about March 1, 1975, plaintiff was delivered to the custody of the United States pursuant to a writ of habeas corpus ad testificandum and was transported by two Deputy United States Marshals to the Eastern District of Arkansas.

3. While present in the Eastern District of Arkansas, plaintiff testified briefly in a federal criminal trial in which one Paul Edward Johnson was charged with interstate transportation of a stolen motor vehicle. The subject of plaintiff's testimony was that Johnson, while a fellow inmate of plaintiff in the Dallas County jail in 1974, had made a statement in plaintiff's presence to the effect that he had possessed and transported another's automobile.

4. On or about March 8, 1975, two Deputy United States Marshals stationed in the Western District of Tennessee removed plaintiff from the Lonoke County, Arkansas, jail and transported him to Dallas County, Texas, where they delivered him to the custody of the Sheriff of Dallas County.

5. After having been returned to the custody of the Sheriff, plaintiff was transferred to the old building of the jail by employees and agents of the Sheriff, and was subsequently returned to the same tank in which he had been confined on and prior to March 1, 1975.

6. On March 8, 1975, a newspaper published in Dallas County reported that plaintiff had testified in a federal criminal trial in Arkansas.

7. Inmates of the Dallas County Jail during the period in question had unrestricted access to local newspapers. The employees of the Dallas County Jail made no effort to ascertain whether such newspapers contained material detrimental to the safety of plaintiff.

8. On or about March 8, 1975, plaintiff was assaulted by at least six inmates of the tank in which he was confined and incurred personal injuries consisting of multiple lacerations and contusions, and the loss of one tooth. Prior to March 8, 1975, plaintiff had been aware that inmates of penal institutions who testify in criminal trials are often assaulted by other prisoners.

9. At no time between March 1, 1975, and March 8, 1975, did plaintiff indicate to any agent or employee of the defendant by express statement or otherwise that plaintiff feared for his future safety in the Dallas County Jail.

10. After his return to the Dallas County Jail, and prior to the assault, plaintiff had one or more opportunities to advise an agent or employee of the Sheriff of his fears, if any, for his future safety.

11. If plaintiff communicated to any person a fear for his safety, he made such communication to an employee or agent of the Sheriff.

12. Defendant, its agents and employees, owed no duty to plaintiff after delivering him to the custody of the Sheriff on March 8, 1975, except to warn the Sheriff or his agents or employees of any danger to plaintiff which was known to defendant's agents and employees and which was unknown to plaintiff and to the Sheriff, his agents, and employees.

13. Defendant, its agents and employees, did not know and could not reasonably have foreseen on or prior to March 8, 1975, that:

(a) plaintiff's testimony in Arkansas would be the subject of a news report published in Dallas, Texas;

(b) inmates of the Dallas County Jail would learn of plaintiff's testimony;

(c) employees of the Dallas County Jail would return plaintiff to his former tank without ascertaining whether plaintiff would thereby be endangered;

(d) plaintiff would be assaulted by his fellow inmates.

14. The assault upon plaintiff was not a natural or probable result of any act or omission of defendant, its agents, or employees.

15. Defendant, its agents, and employees, were not negligent in any act or omission with respect to plaintiff.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of this suit pursuant to 28 U.S.C. §§ 1346(b) and 2671 et seq.

2. Venue is properly laid in the Dallas Division of the Northern District of Texas.

3. The Sheriff of Dallas County is charged with a statutory duty to keep safely prisoners committed to his custody.

4. Defendant, its agents, and employees, had no duty to foresee the tortious and criminal acts of others which resulted in plaintiff's injuries. If such acts were foreseeable at all, they were or should have been foreseen by plaintiff.

5. Plaintiff has failed to establish by a preponderance of the credible evidence that defendant, its agents, or employees, were negligent in any act or omission with respect to plaintiff.

6. Plaintiff has failed to establish by a preponderance of the credible evidence that any negligent act or omission of defendant, its agents, or employees, was a proximate cause of any injury incurred by plaintiff.

7. Plaintiff failed to use due care for his own safety at the times material herein. His negligence was a proximate cause of the injury he incurred and was of a greater degree than the negligence, if any, of defendant's agents and employees.

8. Plaintiff had knowledge of and assumed the risk of the incident which resulted in his injuries; and his assumption of the risk was a proximate cause of the injuries he incurred.

9. Defendant is entitled to judgment in its favor.